UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                                Case No. 15-11823-WRS
                                                                     Chapter 13
ALLEN CONWAY COLIN,

    Debtor

SARA EDWARDS,

    Plaintiff                                      Adv. Pro. No. 15-1079-WRS

 v.

ALLEN CONWAY COLIN,

    Defendant

## MEMORANDUM DECISION

This adversary proceeding is before the Court on the motion for summary judgment filed by Defendant Allen Colin. (Doc. 7). Plaintiff Sara Edwards seeks a determination that the debt owed her by the Defendant is a domestic support obligation, and thus non-dischargeable under 11 U.S.C. § 523(a)(5). The Plaintiff has filed a response in opposition to the motion, asserting that a genuine dispute of material facts remains. (Doc. 9). The Court heard from counsel for both parties on February 3, 2015. For the reasons set forth below, the Defendant's motion for summary judgment is DENIED.

### I. FACTS & PROCEDURAL HISTORY

Allen Colin ("Colin") divorced Sara Edwards ("Edwards") on May 1, 2015. (Doc. 1). The divorce decree incorporated a settlement agreement entered by Colin and Edwards ("the Agreement"). Under Section III of the Agreement, titled "Personal Property Division," Colin is

obligated to pay Edwards $90,000 over a span of 120 months; Colin is required to pay at least $750 per month toward this obligation, but may prepay it or pay it in lump sum if he wishes. (Doc. 1). Colin was also obligated to pay Edwards 45% of his retirement account pursuant to Section VI of the Agreement; in his motion for summary judgment, Colin avers that this obligation amounted to $165,000 and that he has already paid it. (Docs. 1 & 7). Section V of the Agreement, titled "Alimony," provided that "[b]oth parties forever waive alimony." (Doc. 1). Finally, Section IX of the Agreement, titled "Enforcement Provisions," contains a merger clause providing that the Agreement "constitutes the entire agreement of the parties and supersedes any and all prior agreements." (Doc. 1).

Colin filed Chapter 13 bankruptcy on September 9, 2015. (Case No. 15-11823, Doc. 1). Colin lists no domestic support obligations or other priority claims in his Chapter 13 plan and proposes to pay unsecured creditors out of a "pot" of $10,350. (Case No. 15-11823, Doc. 6). Edwards filed a proof of claim in the amount of $87,750, all of which she asserts is entitled to priority as a domestic support obligation. (Case No. 15-11823, Claim 5). Edwards objected to confirmation of Colin's plan, and Colin objected to the priority status of Edwards' claim. (Case No. 15-11823, Docs. 22 & 26).

Edwards initiated this adversary proceeding on December 28, 2015, seeking a determination that the remaining $87,750 Colin owes her is a non-dischargeable domestic support obligation. (Doc. 1). Colin answered with a general denial[1] on January 14, 2016, and filed the instant motion for summary judgment the same day. (Docs. 6 & 7). Colin argues that

---

[1] Colin does not deny that he owes the debt, but rather disputes Edwards' characterization of it as a domestic support obligation.

under the plain language of the Agreement, Edwards waived alimony and agreed that the debt would be considered property settlement. (Doc. 7). He also argues that Edwards is precluded, under the parol evidence rule, from asserting that the parties intended the debt to be in the nature of support because of the presence of the merger clause in the Agreement. (Doc. 7). Edwards responds that a genuine dispute of material facts exists and argues that discovery needs to be taken. (Doc. 9). She also submitted affidavits from herself and from her divorce attorney, Robert Reneau, stating that they intended the debt as support for her and that they did not realize the implications in bankruptcy of designating it as property settlement. (Doc. 9).

## II. DOMESTIC SUPPORT OBLIGATIONS

The issue in this case is whether the debt Colin owes Edwards is a domestic support obligation under 11 U.S.C. § 523(a)(5), or a mere debt arising out of divorce under 11 U.S.C. § 523(a)(15). A debt for a domestic support obligation under § 523(a)(5) is never dischargeable. Saggus v. Saggus (In re Saggus), 528 B.R. 452, 457 (Bankr. M.D. Ala. 2015). A debt arising out of divorce under § 523(a)(15) is dischargeable in Chapter 13 bankruptcy. Id.; *see also* 11 U.S.C. § 1328(a)(2). Also, a claim for domestic support obligation is entitled to priority under 11 U.S.C. § 507(a)(1)(A), while a claim for a mere debt arising out of divorce is not entitled to priority. Coon v. Henderson (In re Coon), 522 B.R. 357, 361 (Bankr. M.D. Ala. 2014). "The Bankruptcy Code defines the term 'domestic support obligation' as a debt owed to a former spouse of the debtor that is 'in the nature of alimony, maintenance, or support . . . of such spouse, . . . without regard to whether such debt is expressly so designated[.]'" Id. (quoting 11 U.S.C. § 101(14A)(B)).

"Whether a given debt is in the nature of support is an issue of federal law." Cummings v. Cummings (In re Cummings), 244 F.3d 1263, 1265 (11th Cir. 2001). However, state law provides guidance in determining whether an "obligation should be considered 'support' under § 523(a)(5)." Cummings, 244 F.3d at 1265. "To make this determination a bankruptcy court should undertake 'a simple inquiry as to whether the obligation can legitimately be characterized as support, that is, whether it is in the *nature* of support.'" Id. (quoting Harrell v. Sharp (In re Harrell), 754 F.2d 902, 906 (11th Cir. 1985)) (emphasis in original). "In conducting this inquiry, a court cannot rely solely on the label used by the parties" because "'it is likely that neither the parties nor the divorce court contemplated the effect of a subsequent bankruptcy when the obligation arose.'" Id. (quoting Gianakas v. Gianakas (In re Gianakas), 917 F.2d 759, 762 (3d Cir. 1990)). "The court must therefore look beyond the label to examine whether the debt is actually in the nature of support or alimony." Id. "A debt is in the nature of support if at the time of its creation the parties *intended* the obligation to function as support or alimony." Id. (emphasis added).

In an unpublished opinion, the Eleventh Circuit has suggested eight factors to guide a bankruptcy court in determining whether an obligation was intended by the parties to serve as support. *See* Benson v. Benson (In re Benson), 441 Fed. Appx. 650, 651 (11th Cir. 2011) (citing McCollum v. McCollum (In re McCollum), 415 B.R. 625, 631 (Bankr. M.D. Ga. 2009)); *cf.* DuValle v. DuValle, 348 So. 2d 1067, 1069-70 (Ala. Civ. App. 1977) (discussing similar factors). In considering these factors, however, it must be remembered that "the touchstone for dischargeability under § 523(a)(5) is the intent of the parties." Cummings, 244 F.3d at 1266.

Case 15-01079    Doc 10    Filed 02/22/16    Entered 02/22/16 13:57:30    Desc Main
Document      Page 4 of 13

The party seeking to hold the debt non-dischargeable has the burden of proving, by a preponderance of the evidence, that the parties intended the debt as support. Id. at 1265; *see also* Grogan v. Garner, 498 U.S. 279, 287 (1991).

## III. ANALYSIS

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a), and the District Court's General Order of Reference dated April 25, 1985. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). This is an interlocutory order.

### A. Standard of Review

Motions for summary judgment are governed by Rule 56(a), which requires a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a), as incorporated by FED. R. BANKR. P. 7056. A material fact is one "that might affect the outcome of the suit under governing law. . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id.

The party seeking summary judgment has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "The [bankruptcy] court should resolve all reasonable doubts about the facts in favor of the non-movant, and draw all justifiable inferences in his or her favor." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993).

## B. Colin Met His Initial Burden on Summary Judgment

Because Edwards would bear the burden of proof at trial, Colin may support his motion by either showing "an absence of evidence to support [Edwards]'s case" or, alternatively, by presenting "affirmative evidence demonstrating that [Edwards] will be unable to prove [her] case at trial." Id. at 1115-16 (internal quotation marks omitted). In support of his motion, Colin points to the language of the Agreement and the payment structure and characteristics of the obligation.

"The starting point of any § 523(a)(5) analysis is the language of the divorce judgment or agreement." Saggus, 528 B.R. at 457 (citing Benson, 441 Fed. Appx. at 651). Here, the Agreement's language strongly indicates that the parties did not intend the debt as support. "The purpose of periodic alimony is to support the former dependent spouse and to enable that spouse, to the extent possible, to maintain the status that the parties had enjoyed during the marriage until that spouse is self-supporting or maintaining a lifestyle or status similar to the one enjoyed during the marriage." Rieger v. Rieger, 147 So. 3d 421, 432 (Ala. Civ. App. 2013) (internal quotation marks omitted). The Agreement, meanwhile, recites that the parties expressly waived alimony and referred to the debt multiple times as "property settlement." See Harrell, 754 F.2d at 907 (noting that Congress intended the determination under § 523(a)(5) to be similar to a determination on whether an obligation "is actually alimony or a property settlement").

The finite amount of the obligation and ability to prepay or pay in lump sum also indicates the debt was not intended as support. See Benson, 441 Fed. Appx. at 651. So too does the absence of any provision for termination of the obligation in the event of either party's death or Edwards's remarriage. See id. Moreover, under Alabama law, the obligation is likely not

modifiable because it is property settlement. *See, e.g.*, Waits v. Reaves, 506 So. 2d 1007, 1008 (Ala. Civ. App. 1987) (noting that a property settlement arising out of divorce is not modifiable unless it is "ambiguous, vague, or failed to prove for a specific time to dispose of an asset"). Finally, the main point in Edwards's favor that is present on the face of the Agreement itself – the fact that the obligation can be paid in installments – is undercut by the inference that Colin could not afford to pay the full amount at once. *See* Saggus, 528 B.R. at 458.

Thus, the Agreement itself is strong evidence that the parties did not intend the obligation to serve as support for Edwards. Colin has made a prima facie showing that he is entitled to summary judgment.

### C.  Edwards' Rebuttal Affidavits

When a movant presents affirmative evidence disproving the non-movant's case on an issue for which the non-movant would bear the burden of proof at trial, as Colin has done here, the non-movant "must respond with evidence sufficient to withstand a directed verdict at trial on the material fact sought to be negated." Fitzpatrick, 2 F.3d at 1116. In doing so, the non-movant must do more than summarily deny the allegations or merely "show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The non-movant "must come forward with specific facts showing that there is a *genuine issue for trial*." Id. at 587 (emphasis in original, internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. "[I]f the factual context renders [a non-movant's] claim implausible" then the non-movant "must come forward with more persuasive evidence to support [her] claim than would otherwise be necessary." Id.

-7-

Case 15-01079    Doc 10    Filed 02/22/16    Entered 02/22/16 13:57:30    Desc Main
Document      Page 7 of 13

In response to Colin's motion for summary judgment, Edwards has submitted two affidavits: her own, and that of her divorce attorney, Robert Reneau ("Reneau"). The affiants state that Colin is a contract electrician who earned substantially more income than Edwards, and that although the parties agreed to characterize the obligation as property settlement to avoid modification in state court, they intended the obligation to provide support for Edwards. Edwards also submitted emails of settlement negotiations between Reneau and Colin's divorce attorney, Connie Morrow. If admissible, the affidavits and emails would create a genuine dispute of a material fact that would defeat Colin's summary judgment motion.

### D. The Parol Evidence Rule is Inapplicable in § 523(a)(5) Cases

"An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, *set out facts that would be admissible in evidence*, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4), as incorporated by FED. R. BANKR. P. 7056 (emphasis added).

Colin asserts that under the parol evidence rule, and pursuant to the merger clause in the Agreement, Edwards may not offer any affidavits or other extrinsic evidence outside the Agreement itself. Under Alabama law he is correct. "Parol evidence pertaining to the intentions of the parties is admissible only when the agreement is susceptible to more than one interpretation, i.e., when it is ambiguous." Holmes v. Holmes, 17 So. 3d 666, 670 (Ala. Civ. App. 2009). The Alabama Court of Civil Appeals has further clarified:

> A settlement agreement which is incorporated into a divorce decree is in the nature of a contract. A divorce judgment should be interpreted or construed as other written instruments are interpreted or construed. The words of the agreement are to be given their ordinary meaning, and the intentions of the parties are to be

> derived from them. Whether an agreement is ambiguous is a
> question of law for the trial court. An agreement that by its terms
> is plain and free from ambiguity must be enforced as written. An
> ambiguity exists if the agreement is susceptible to more than one
> meaning. However, if only one reasonable meaning clearly
> emerges, then the agreement is unambiguous.

Van Allen v. Van Allen, 812 So. 2d 1276, 1277 (Ala. Civ. App. 2001) (internal brackets and quotation marks omitted). There is nothing in the Agreement that is even remotely ambiguous. If this case were being litigated in an Alabama state court, Edwards would not be able to present parol evidence to contradict the plain language of the Agreement.

However, a determination under § 523(a)(5) is a matter of federal law, not state law, and "Congress did not intend bankruptcy courts to be bound by particular state law rules." Harrell, 754 F.2d at 904. Federal case law indicates that the parol evidence rule is inapplicable in § 523(a)(5) cases.

"The parol evidence rule does not apply in cases such as the instant one, and factual inquiry under section 523(a)(5) is not limited to the four corners of a separation agreement or divorce decree." Brody v. Brody (In re Brody), 3 F.3d 35, 38-39 (2d Cir. 1993); *see also* Tsanos v. Bell (In re Bell), 47 B.R. 284, 287 (Bankr. E.D.N.Y. 1985) ("notwithstanding the parol evidence rule, a bankruptcy court is bound by the statute to look beyond the agreement in order to determine the underlying purpose of the debt assumption. . . ."). As the Third Circuit has noted, "even an obligation designated as property settlement may be related to support because state courts often will adjust alimony awards depending on the nature and amount of marital assets available for distribution." Gianakas, 917 F.2d at 763.

Within the Eleventh Circuit, the case of Hopson v. Hopson (In re Hopson), 218 B.R. 993 (Bankr. N.D. Ga. 1998), is nearly identical to this case. In Hopson, the defendant/debtor in a § 523(a)(5) case filed a motion for summary judgment and argued that the plaintiff was precluded from offering extrinsic evidence in support of her case because the divorce agreement was unambiguous. Hopson, 218 B.R. at 997. After surveying the case law on § 523(a)(5), the Hopson court rejected the defendant's argument and considered the plaintiff's rebuttal affidavits. Id. at 998-99.

The Eleventh Circuit has not explicitly held that the parol evidence rule is inapplicable in § 523(a)(5) cases, but has strongly suggested it. In Clark v. Clark (In re Clark), 105 B.R. 753 (Bankr. S.D. Ga. 1989), the bankruptcy court applied the parol evidence rule to an unambiguous divorce agreement, and held that a debtor's obligation to hold his ex-wife harmless on a joint debt was not a domestic support obligation because the parties had expressly waived alimony. Clark, 105 B.R. at 759-60. The district court affirmed, holding "that where the intent of the parties is clear and unambiguous from the face of the settlement agreement . . . no further investigation is necessary to constitute a 'simple inquiry'." Matter of Clark, 113 B.R. 797, 801 (S.D. Ga. 1990) (referring to Harrell, 754 F.2d at 907). The Eleventh Circuit reversed without opinion. Clark v. Clark, 925 F.2d 1476 (11th Cir. 1991) (table decision). However, the Second Circuit noted that the Eleventh Circuit's remand order directed the bankruptcy court to "'make a more in-depth inquiry into the nature of the support obligations.'" Brody, 3 F.3d at 39 n.1 (quoting the Eleventh Circuit's remand order in Clark).

Further support indicating that the parol evidence rule does not apply in § 523(a)(5) cases is found in MCC-Marble Ceramic Ctr., Inc. v. Ceramica Nuova d'Agostino, S.p.A., 144 F.3d

-10-

1384 (11th Cir. 1998). That case involved the United Nations Convention on Contracts for the International Sale of Goods ("CISG"), not § 523(a)(5), but is analogous because "Article 8(1) of the CISG instructs courts to interpret the 'statements . . . and other conduct of a party . . . *according to his intent*' as long as the other party 'knew or could not have been unaware' of that intent." MCC-Marble Ceramic Ctr., 144 F.3d at 1387 (quoting CISG art. 8(1)) (emphasis added). The district court in MCC-Marble Ceramic Ctr. awarded summary judgment to the defendant on the grounds that the plaintiff's affidavits – asserting that it did not intend to be bound by the plain language of the parties' unambiguous contract and that the defendant was aware of this – were barred by the parol evidence rule. Id. at 1386. The Eleventh Circuit reversed, explaining that the CISG gives "a clear instruction to admit and consider parol evidence regarding the negotiations to the extent they reveal the parties' subjective intent." Id. at 1389 (citing CISG art. 8(3)).

In dicta, the Eleventh Circuit observed that the parol evidence rule "is a substantive rule of law, not a rule of evidence[,]" and "does not purport to exclude a particular type of evidence as an untrustworthy or undesirable way of proving a fact[.]" Id. at 1388-89 (internal quotation marks omitted). Rather, it "prevents a litigant from attempting to show the fact itself – the fact that the terms of the agreement are other than those in the writing."[2] Id. at 1389 (internal quotation marks omitted). "As such, a federal district court cannot simply apply the parol evidence rule as a procedural matter – as it might if excluding a particular type of evidence under

---

[2] The Eleventh Circuit also noted in dicta that parties could "avoid parol evidence problems . . . by including a merger clause in their agreement. . . ." MCC-Marble Ceramic Ctr., 144 F.3d at 1391. The Agreement in this case has one. (Doc. 1). However, Article 29 of the CISG expressly provides for the enforcement of merger clauses, *see* MCC-Marble Ceramic Ctr., 144 F.3d at 1391 n.19, whereas § 523(a)(5) does not.

-11-

the Federal Rules of Evidence. . . ." Id.; *see also* id. at 1389 n.13 (providing an example of this distinction in the context of the CISG). In the context of this case, for example, Colin might well be able to block Edwards from offering the negotiation emails between Reneau and Connie Morrow, *see* FED. R. EVID. 408,[3] but he cannot stop Edwards altogether from offering extrinsic evidence to demonstrate that the parties intended the obligation to function as support.

In light of this authority it is apparent that the parol evidence rule does not apply in § 523(a)(5) cases. "Even in cases where the divorce agreement is so clear as to create a 'substantial obstacle,' the courts still hear the evidence." Hopson, 218 B.R. at 999 (quoting Tilley v. Jessee, 789 F.2d 1074, 1078 (4th Cir. 1986)). Edwards may offer parol evidence, despite the plain language of the Agreement, to argue that she and Colin intended the obligation to function as support. As such the Court must consider the affidavits she submitted and, because they raise a genuine dispute of material fact, must deny Colin's motion for summary judgment.[4]

The Court notes in passing, however, that while Edwards' self-serving affidavits are by themselves sufficient to survive summary judgment, she will need to offer considerably more evidence to meet her burden of persuasion at trial. *See* Tilley, 789 F.2d at 1078 (holding that a §

---

[3] The Federal Rules of Evidence are incorporated by FED. R. BANKR. P. 9017. Because Edwards's affidavits are by themselves sufficient to overcome Colin's motion, the Court does not decide the admissibility of the emails here.

[4] The Court acknowledges that it entered summary judgment based on a somewhat more ambiguous divorce agreement in Coon. However, that case is distinguishable because both parties moved for summary judgment, neither party submitted conflicting affidavits regarding their intent, and the state divorce court had entered two subsequent modification orders that interpreted the agreement. Coon, 522 B.R. at 359-60; *see also* Cummings, 244 F.3d at 1267 (instructing bankruptcy courts to defer to state courts on family law matters when possible). Therefore, Coon presented a dispute only of law, not fact. By comparison, this case presents a dispute of fact, and there is no guidance from the divorce court because it appears to have rubber-stamped the Agreement.

Case 15-01079    Doc 10    Filed 02/22/16    Entered 02/22/16 13:57:30    Desc Main
Document      Page 12 of 13

523(a)(5) plaintiff's subjective unilateral intent to obtain support was insufficient in the face of an unambiguous contrary divorce agreement; a showing that it was the mutual intent of both parties is required). Also, while Edwards will have her day in court, she may face consequences if she has submitted her affidavits in bad faith. *See* FED. R. CIV. P. 56(h), as incorporated by FED. R. BANKR. P. 7056.

### IV.  CONCLUSION

Plaintiff Sara Edwards has demonstrated that a genuine dispute of material fact exists in this case. Therefore, Defendant Allen Colin's motion for summary judgment is DENIED. The Court will enter a separate order consistent with this opinion.

Done this 22nd day of February, 2016.

United States Bankruptcy Judge

c: Russell N. Parrish, Attorney for Plaintiff
   Christopher Keith Richardson, Attorney for Defendant