IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

SARA EDWARDS                                                                        APPELLANT

V.                                                         CIVIL ACTION NO. 1:16-CV-906-KS

ALLEN CONWAY COLIN                                                              APPELLEE

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on appeal from the Judgment in favor of Appellee Allen Conway Colin entered by the United States Bankruptcy Court of the Middle District of Alabama ("Bankruptcy Court") on August 16, 2016. For the reasons stated below, the Court reverses and remands the judgment of the Bankruptcy Court with instructions to enter judgment in favor of Appellant Sara Edwards.

**I.  BACKGROUND**

Appellant Sara Edwards ("Appellant") and Appellee Allen Conway Colin ("Appellee") were married in 1982, and Appellee filed for divorce in 2014. (Bankruptcy Court Opinion [2-17] at pp. 1-2.) At the time, Appellee was an electrician averaging between $75,000 and $80,000 a year in income. (*See* Trial Transcript [6-3] at 8:11-15.) Appellant did not hold a full-time job during the marriage and was, at the time of divorce, the primary caregiver for her mother, who is afflicted with Alzheimer's disease. (*See* Bankruptcy Court Opinion [2-17] at p. 2.)

In January 2015, through her attorney, Appellant wrote Appellee's attorney, with a demand of half his retirement account and monthly alimony of $1,250.00 for ten years. (*See id.* at p. 2.) Appellee, through his attorney, countered with an offer of $350.00 in monthly alimony for five years and $10,000 from his retirement account. (*See id.*) Both sides remained at these

figures until their mediation on April 30, 2015.  (*See id.*)  This mediation lasted several hours, and the parties remained deadlocked over alimony.  (*See id.* at p. 3.)

Because of this impasse, the mediator proposed "that the alimony be reclassified as property settlement and reduced to $750.00 per month,"[1] which appealed to Appellant because it could not be modified and because it would not be taxable to her,[2] and appealed to Appellee because it was a lesser amount per month.  (*Id.*)  The mediator drafted an agreement outlining the terms of the Settlement, one of which was the waiving of alimony.  (*See id.*)

Appellee filed for Chapter 13 bankruptcy on September 9, 2015, proposing to pay Appellee "as a non-priority creditor out of a 'pot' of $10,350.00."  (*Id.* at p. 4.)  Appellant asserted a claim for $87,750.00, contending that her claim was entitled to priority as a domestic support obligation and objecting to Appellee's proposed plan.  (*See id.*)  The Bankruptcy Court entered judgment against Appellant on August 16, 2016, finding that the Settlement was a property settlement, not alimony, and therefore not a domestic support obligation.  Appellant timely appealed.

Appellant filed her initial Brief [5] on January 26, 2017.  Appellee responded with his Response Brief [6] on February 24, 2017.  Appellant's Reply Brief [9] was filed on March 30, 2017, and Appellee responded with his own Reply Brief [10] on March 27, 2017.  On March 28, 2017, Appellant filed her Motion to Strike Reply Brief of Appellee ("Motion to Strike") [11].  Appellee never responded to this motion.

---

[1] Hereafter referred to as "the Settlement."
[2] Alimony shifts the tax burden from the payer to the payee by allowing the payer to deduct the amount from his income and requiring the payee to include it in hers.

2

After considering the submissions of the parties, the record, and the applicable law, the Court is now ready to rule.

## II.  MOTION TO STRIKE [11]

In her Motion to Strike [11], Appellant requests that the Court strike from consideration Appellee's Reply Brief [10].  The filing of such a brief by the Appellee is not allowed under Federal Rule of Bankruptcy 8014, and this brief was filed without leave from this Court.  As such, the Court finds that the Motion to Strike [11] should be **granted**.  Appellee's Reply Brief [10] will be stricken from consideration.

## III. APPEAL

### A.    Standard of Review

The Court reviews the Bankruptcy Court's conclusions of law *de novo*, while it reviews findings of fact for clear error.  *Jove Eng'g, Inc. v. Internal Revenue Serv.*, 92 F.3d 1539, 1545 (11th Cir. 1996).  A finding of fact "is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Id.* (quoting *Elston v. Talladega Cnty. Bd. of Ed.*, 997 F.2d 1394, 1405 (11th Cir. 1993)).

### B.    Discussion

Under Chapter 13 bankruptcy, domestic support obligations are non-dischargeable.  *In re Benson*, 441 F.App'x 650, 651 (11th Cir. 2011) (per curiam); *Cummings v. Cummings*, 244 F.3d 1263, 1265 (11th Cir. 2001) (citing 11 U.S.C. § 523(a)(5)).  "A domestic support obligation is a debt owed to a former spouse that was incurred as a result of a property settlement agreement that is '*in the nature of* alimony, maintenance, or support . . . [of that former spouse] *without regard to*

3

*whether such debt is expressly so designated.*'" *Benson*, 441 F.App'x at 651 (quoting 111 U.S.C. § 101(14A)) (emphasis and alterations in original).  The Court cannot rely on the labels used by the parties but must instead look beyond those labels "to examine whether the debt actually is in the nature of support or alimony." *Cummings*, 244 F.3d at 1265 (citing *In re Gianakas*, 917 F.2d 759, 762 (3d Cir. 1990)); *see also Benson*, 441 F.App'x at 651.  Though the inquiry is guided by state law, the ultimate issue is a question of federal law.  *Cummings*, 244 F.3d at 1265.  "[T]he touchstone for dischargeability under § 523(a)(5) is the intent of the parties," and the Court must consider "[a]ll evidence, direct or circumstantial, which tends to illuminate the parties [sic] subjective intent."  *Id.* at 1266 (citing *In re Brody*, 3 F.3d 35, 38 (2d Cir. 1993)).

The Bankruptcy Court used the eight factors discussed in *Benton* to reach its conclusion that Appellee did not intend for the Settlement to constitute domestic support:

> (1) the agreement's language; (2) the parties' financial positions when the agreement was made; (3) the amount of the division; (4) whether the obligation ends upon death or remarriage of the beneficiary; (5) the frequency and number of payments; (6) whether the agreement waives other support rights; (7) whether the obligation can be modified or enforced in state court; and finally (8) how the obligation is treated for tax purposes.[3]

441 App'x at 651 (citing *In re McCollum*, 415 B.R. 625, 631 (Bankr.M.D. Ga. 2009)).  The Bankruptcy Court, in analyzing these factors, found that language of the Settlement was a substantial obstacle which Appellant failed to overcome.  It focused its analysis on whether the Settlement could fairly be classified as a "property settlement" or as "alimony."  It ignored, however, the Eleventh Circuit's application of the factors in *Benson* itself.  The relevant inquiry, is not, as the Bankruptcy Court viewed it and as Appellee argues, a distinction between "property

---

[3] The Court would further note that these factors are not binding precedent, as the decision in *Benson* was an unpublished opinion, which is "not considered binding precedent, but . . . may be cited as persuasive authority."  11th Cir. R. 36-2.

4

settlement" and "alimony."  The Eleventh Circuit has made clear that a "property settlement" can be a non-dischargeable domestic support obligation.  *See Benson*, 441 A'ppx at 651-52; *Cummings*, F.3d at 1266-67.  The question is whether the so-called "property settlement" is "in the nature of support."  *Cummings*, 244 F.3d at 1265.  In reviewing the record, it is obvious that the Settlement was intended as support for Appellant.

In *Benson*, the question was whether the mortgage payments the husband was required to pay under the agreement constituted a domestic support obligation that was non-dischargeable in bankruptcy.  441 App'x at 651.  The language of the agreement waived all rights to alimony, and, unlike alimony, the obligation to pay extended beyond the husband's death because the agreement required the husband "to maintain life insurance that would be sufficient to cover his mortgage obligation."  *Id.*  Despite these facts weighing against the finding of a domestic support obligation, the Eleventh Circuit found that, because of the disparity in the parties' financial positions and because the wife waived alimony "in consideration for the benefits she received in the agreement," the mortgage payments "were non-dischargeable domestic support obligations."  *Id.* at 651-52.

Furthermore, in *Cummings*, the Eleventh Circuit found that an equitable distribution of assets was a non-dischargeable domestic support obligation, despite permanent alimony being denied by the divorce court and despite the wife receiving rehabilitative alimony in addition to the equitable distribution.  244 F.3d at 1266-67.  In reaching this holding, they reasoned that "[b]ecause a property division often achieves the same goal as a support obligation, state courts do not rigidly distinguish between the two."  *Id.* at 1266 (citing *In re Gianakas*, 917 F.2d at 763).

In this case, it is abundantly clear that the parties mutually intended the Settlement to achieve the same goal as alimony.  Prior to reaching an agreement on the Settlement, the

5

negotiations dealt with proposed monthly alimony amounts.[4]  The Settlement, labeled a property settlement, was a proposition made by the mediator to reach an agreement due to the fact that the parties were deadlocked on the issue of alimony.  Furthermore, as the Bankruptcy Court noted, the Settlement was not in actuality a settlement of the marital property as "there is really nothing being divvied," and it was understood that the Settlement would "be coming out of [Appellee's] future earnings."  (Trial Transcript [6-3] at 81:2-6.)

Like in *Benson*, Appellant waived her rights to alimony because of the benefits the Settlement offered in lieu of alimony payments.  Also like in *Benson*, the financial disparity between the parties at the time of the Settlement was substantial.[5]  The Bankruptcy Court itself acknowledged that there was no question that Appellant needed the Settlement to support herself.  (*See* Trial Transcript [6-3] at 74:1-3.)  The ultimate deciding issue for the Bankruptcy Court was that it did not want to recharacterize a "property settlement" as "alimony."  (*See id.* at 74:3-6.)  However, as already stressed by the Court, this is not the proper inquiry, as the Eleventh Circuit has held that a "property settlement" can still be "in the nature of support" so as to be a non-dischargeable domestic support obligation.  *See Benson*, 441 A'ppx at 651-52; *Cummings*, F.3d at 1266-67.  Because there is no question that the intent of the parties was for the Settlement to serve as support to Appellant in lieu of alimony, the Bankruptcy Court should have found it to be "in the nature of support" and non-dischargeable in Chapter 13 bankruptcy.  As such, the judgment of the Bankruptcy Court will be **reversed**, and this case will be **remanded** with instructions to enter judgment in favor of Appellant.

---

[4] Negotiations also included the division of Appellee's retirement account, which is not at issue here.

[5] Appellee's arguments to the contrary are disingenuous and misguided, as they focus on the financial situation of the Appellant *after* the Settlement was made and while she was enjoying the benefits of the Settlement.  (*See* Appellee's Brief [6] at pp. 53-54.)

## IV.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Strike [11] is **granted**.

IT IS FURTHER ORDERED AND ADJUDGED that, for the reasons stated above, the judgment of the Bankruptcy Court is **reversed** and **remanded** with instructions to enter judgment in favor of Appellant.

SO ORDERED AND ADJUDGED this the __5th__ day of May, 2017.


       __s/Keith Starrett_____
       KEITH STARRETT
       UNITED STATES DISTRICT JUDGE